IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Mark James Branham, #272542, a/k/a Mark )
James Branham #11000538 ) C.A. No. 4:19-00279-HMH-TER
)
      Plaintiff, )
)
  vs. ) **OPINION & ORDER**
)
Halford Meyer, Patricia D. Mayer, John B. )
McCree, and Beverly A. Wood, )
)
      Defendants. )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Mark James Branham ("Branham"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. On May 31, 2019, Halford Meyer, Patricia D. Mayer, John. B. McCree, and Beverly A. Wood (collectively "Defendants") filed a motion for summary judgment. (Mot. Summ. J., ECF No. 17.) In his Report and Recommendation filed on October 7, 2019, Magistrate Judge Rogers recommends granting Defendants' motion for summary judgment because Branham failed to present sufficient evidence to show that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Defendants subjected him to deliberate indifference. (R&R, generally, ECF No. 24.) For the reasons set forth below, the court adopts the Report and Recommendation and grants Defendants' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Considering the facts in the light most favorable to Branham, Branham began complaining to physicians at the South Carolina Department of Corrections ("SCDC") about pain in his arms, hands, shoulders, and neck in 2002. (Compl. 6, ECF No. 1.) Branham was initially diagnosed with arthritis. (Id., ECF No. 1.) However, after receiving an MRI in August 2013, physicians diagnosed Branham with herniated disks, bulging disks, spinal and neural stenosis, a process of desiccation in all visible vertebrae, and snapping scapula. (Id., ECF No. 1.) About one month prior to receiving the MRI, Branham was prescribed Tramadol ("Ultram") for pain. (Id., ECF No. 1.) Branham continued to take Ultram for thirteen months before a physician at the SCDC discontinued his prescription and informed Branham that Ultram had been reclassified as a narcotic. (Id., ECF No. 1.)

Physicians at the SCDC continued to treat Branham's pain with other forms of pain relievers. (See id., ECF No. 1; Mot. Summ. J. Attach. Ex. A (Aff. 2, 5), ECF No. 17-2.) However, Branham asserts that these other pain relievers are not as effective as Ultram. (Resp. Opp'n Mot. 1-2, ECF No. 21.) Subsequently, a physician at an Orthopedic Clinic ordered Branham another prescription for Ultram around March 2016, about fourteen months after the discontinuation. (Compl. 6, ECF No. 1; Mot. Summ. J. Attach. Ex. A (Aff. 3-4), ECF No. 17-2.) The SCDC Medical Director approved this prescription. (Mot. Summ. J. Attach. Ex. A (Aff. 3-4), ECF No. 17-2.)

However, on July 8, 2017, physicians at the SCDC began to taper Branham off of Ultram because, due to the nationwide opioid crisis, the United States Drug Enforcement Administration ("DEA") had implemented a policy restricting the limits on prescribing and dispensing controlled substances, including Ultram. (Mot. Summ. J. Attach. Ex. A (Aff. 4-5), ECF No. 17-2.) In response, the SCDC enacted a policy implementing the DEA's restrictions. (Id., ECF No. 17-2.) Furthermore, based on a medical evaluation, which examined Branham's CT findings, orthopedic recommendations, and Branham's ability to exercise, the Medical Director at the SCDC concluded that Branham should be tapered off of Ultram. (Id. at 2-4, ECF No. 17-2.) The Medical Director opined that Ultram was "not a forever drug" and that Branham "needed to learn to live without narcotics." (Id. at 4, ECF No. 17-2.) Branham's Ultram prescription was discontinued on December 20, 2017, and Branham has not been prescribed Ultram since. (Mot. Summ. J. Attach. Ex. A (Aff. 5), ECF No. 17-2.); Compl. 6, ECF No. 1.)

Branham contends that he now takes Motrin, which is ineffective at treating his pain and has the potential to aggravate his throat and stomach problems. (Compl. 6, ECF No. 1; Resp. Opp'n Mot. 1-2, ECF No. 21.) Moreover, Branham submits that he is in "severe pain" and cannot sleep adequately without Ultram. (Id. at 11, ECF No. 1.) Branham initiated the instant lawsuit under § 1983, alleging a violation of the Eighth Amendment due to his "right to proper medical care" and "to be free of cruel and unusual punishment." (Id. at 4, ECF No. 1.)

## II. OBJECTIONS

Branham filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that several of Branham's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. However, the court was able to glean three specific objections. Branham asserts that physicians at the SCDC discontinued his Ultram prescription without a medical reason; Defendants were fundamentally unfair in denying him Ultram, but allowing terminally ill cancer patients to receive it; and because prisoners have the right to be free from ineffective treatment that causes severe pain, Defendants were deliberately indifferent. (Obj. 1-2, ECF No. 26.)

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). A deliberate indifference claim consists of both an objective and a subjective component. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). "Objectively, the inmate's medical condition must be serious – one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." Id. (internal quotation marks and citation omitted). Moreover, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." Id. (internal quotation marks and citation omitted). To be cognizable, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by,* Farmer v. Brennan, 511 U.S. 825, 836-38 (1994). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citation omitted).

First, Branham objects to the magistrate judge's conclusion that because Defendants relied on the DEA's policy, they lacked a medical reason for discontinuing his prescription. (Obj. 2, ECF No. 26.) Branham contends "that the DEA['s] policy is not a medical policy per se[.]" (Id., ECF No. 26.) Moreover, Branham asserts that the discontinuation of his Ultram was not the result of a personal medical evaluation by the DEA but, instead, a "sweeping change in the medical care system." (Id., ECF No. 26.)

However, the DEA's policy on restricting access to controlled substances is based on a medical reason – health concerns from prescribing opioids, which are addictive. (See id., ECF No. 26; Mot. Summ. J. Attach. Ex. A (Aff. 4), ECF No. 17-2.) Furthermore, Branham did undergo a personal medical evaluation by physicians at the SCDC. Under the SCDC's policy, a physician may still prescribe Ultram. (Mot. Summ. J. Attach. Ex. A (Aff. 4), ECF No. 17-2.) However, prescriptions are ordered on an individual basis and must be approved by the Medical Director. (Id., ECF No. 17-2.) Moreover, there must be a medical justification for

longer-term use.  (Id., ECF No. 17-2.)  Specifically, regarding Branham, the physicians concluded to discontinue Ultram due to orthopedic findings and recommendations.  (Mot. Summ. J. Attach. Ex. A (Aff. 2, 5), ECF No. 17-2.)  Therefore, the court finds this objection unavailing.

Second, Branham argues that Defendants' actions are fundamentally unfair, as terminally ill cancer patients can be prescribed Ultram.  (Obj. 2, ECF No. 26.)  Branham believes that this policy is "cruel and arbitrary" because those who are in severe pain, but are not terminally ill with cancer, "will not be made comfortable but will just have to suffer[.]" (Id., ECF No. 26.)  As previously discussed, decisions to prescribe Ultram are made on an individual basis.  Ultram can be addictive and result in withdrawal symptoms.  (Mot. Summ. J. Attach. Ex. A (Aff. 4), ECF No. 17-2.)  Due to these qualities, limiting Ultram to terminally ill patients is not so egregious as to be intolerable to fundamental fairness.  Moreover, the court is not going to second-guess physicians' decisions as to whether a patient's circumstances medically warrant an Ultram prescription in light of its risks.

Third, Branham objects to the magistrate judge's conclusion that because prisoners have "no right to be prescribed a particular medication[,]" Branham is not entitled to a prescription of Ultram.  (Obj. 1-2, ECF No. 26.)  While Branham agrees that prisoners do not have the right to particular medications, Branham asserts that prisoners have the right to be free from treatment that is ineffective and results in severe pain.  (Id., ECF No. 26.)  Branham also argues that ineffective treatment is, in effect, no treatment at all.  (Id. at 1, ECF No. 26.)

To support this objection, Branham relies on White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).  In White, various prisoners brought claims against a prison physician for violations of

the Eighth Amendment. Id. at 105-06. The court found that the prisoners alleged sufficient facts to show deliberate indifference to survive a motion to dismiss in several circumstances: the physician's refusal to provide a prisoner with a specific medication, despite a specialist's orders to prescribe only that medication and no substitutions due to the risk of peptic ulcers; the physician's refusal to hospitalize a prisoner following a heart attack; and the physician withholding blood pressure medication from a patient for no medical reason. Id. at 109. The court noted that the actions alleged constituted "persistent conduct in the face of resultant pain and risk of permanent injury." Id.

In the present case, however, Branham has been treated for his pain. Branham claims to have visited with physicians over twenty-eight times about this medical problem. (Compl. 6, ECF No. 1.) Moreover, Branham has been offered multiple other types of pain relievers, including Motrin, Tylenol, Ibuprofen, Notriptyline, Neurontin, and Trileptal. (Mot. Summ. J. Attach. Ex. A (Aff. 2, 5), ECF No. 17-2; Resp. Opp'n Mot. 1-2, ECF No. 21.) There are no allegations that any of Branham's physicians ordered that he exclusively take Ultram. Further, physicians have provided Branham with a medical reason for discontinuing his prescription. Refusing Branham access to Ultram, the prescription of his choice, does not rise to the level of deliberate indifference alleged in White. Moreover, the court is not persuaded that the physicians at the SCDC, by providing Branham access to specialists, pain relievers, and physical therapy exercises, have effectively provided no treatment. After a thorough review, and based on the foregoing, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 17, is granted.

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                        Senior United States District Judge

Greenville, South Carolina
November 12, 2019

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.